AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| | |
|---|---|
| United States of America<br>v.<br>Jennifer Don Smith | Case No: CR-22-9-M-DWM<br>USM No: 87505-509 |
| Date of Original Judgment: 09/07/2022<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
   ☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
   *(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 69-1.) Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* USSG Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023).

   Here, Defendant had a criminal history score of 10 and received two Chapter Four "status points" for a total criminal history score of 12. (Doc. 67 (PSR) ¶¶ 56–58.) However, reducing Defendant's criminal history score by one point does not change her criminal history category of V or lower the applicable guideline range. *See* USGG Ch. 5 Part A, Sentencing Table. Because Defendant is ineligible for a sentence reduction under the retroactive application of Amendment 821, her motion (Doc. 69) is denied to the extent that it seeks relief under Amendment 821.

Except as otherwise provided, all provisions of the judgment dated   09/07/2022   shall remain in effect.
**IT IS SO ORDERED.**

Order Date: January 4, 2024

Effective Date: January 4, 2024
*(if different from order date)*

*Judge's signature*

Donald W. Molloy, United States District Judge
*Printed name and title*