IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER DON SMITH, <br><br> Defendant. | CR 22–9–M–DWM–2 <br><br><br> ORDER |

On December 18, 2023, Defendant Jennifer Don Smith filed a motion under 18 U.S.C. § 3582(c)(1)(A) seeking to reduce her 32-month federal sentence for wire fraud and aggravated identity theft. (Doc. 69; *see* Doc. 64 (Judg.).) Smith's projected release date is March 24, 2025. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 30, 2024). On January 2, 2024, counsel was appointed. (Docs. 71, 75.) Appointed counsel filed an amended motion on April 3, 2024. (Doc. 84.) The government opposes. (Doc. 86.) For the reasons stated below, Smith's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable

1

policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). As an initial matter, Smith's brief incorrectly states that this Court is not bound by any policy statements under §1B1.13. (*See* Doc. 85 at 6–7.) Prior the November 2023 Guideline Amendments, "the Sentencing Commission ha[d] not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, as indicated by Smith, courts could "consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022) (quoting *Aruda*, 933 F.3d at 801). However, the 2023 Amendments specifically addressed this issue, subjecting defendant-filed 18 U.S.C. § 3582(c)(1)(A) motions, such as Smith's, to the policy statements outlined in §1B1.13.

Here, Smith argues that extraordinary and compelling reasons exist to justify early release because of her parent's failing health and their attendant inability to care for Smith's minor children. Because neither her argument nor the § 3553(a) factors support early release, her motion is denied.

I. **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the

2

district court once the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Here, Smith submitted a request to the warden of her facility on November 11, 2023, and did not receive a response.  (*See* Doc. 69 at 3.)  Smith has therefore exhausted her administrative remedies as required by statute.

## II.     Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission provides explicit examples of such circumstances.  *See* USSG §1B1.13.  Relevant here, extraordinary and compelling reasons exist in certain family circumstances, such as "[t]he death or incapacitation of the caregiver of the defendant's minor child," §1B1.13(b)(3)(A), or "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent," §1B1.13(b)(3)(C).  Here, Smith argues that her circumstances warrant relief because her mother, who is older and ailing herself, is the only available caregiver for both Smith's ailing father and Smith's minor children. (*See* Doc. 85 at 9.)  Smith also indicates her children, ages 13 and 15, have special care needs and behavioral issues. (*Id.*)  With her reply, Smith submitted an affidavit from her mother that outlines her father's decline and his

3

increased need for care. (*See* Doc. 90-1.) However, that affidavit also states that Smith's mother is the legal guardian of both of Smith's children and has been since 2014. (*See id.*) This is consistent with Smith's presentence report, which states that, in the nine years preceding her indictment, Smith was not a part of her children's lives. (PSR ¶ 66.) Because Smith's children continue to reside with their legal guardian who is not incapacitated in any way, this does not provide a basis for finding extraordinary or compelling reasons for Smith's early release. As it relates to Smith's ailing father, Smith's mother indicates that "she needs help" caring for him. (*See* Doc. 90-1.) Once again, however, this does not rise to the level of need described in §1B1.13.

Based on the foregoing, Smith fails to show extraordinary and compelling circumstances warrant her early release. But even if she could, the § 3553(a) factors do not support release.

## III. Section 3553(a) Factors

Demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law,

4

and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

In the spring of 2020, Smith and her then-husband Michael Kullberg stole mail throughout Eureka, Libby, Marion, and Kila, Montana, and ultimately made unauthorized charges on a stolen credit card. (*See* PSR ¶¶ 16–20.) Smith pled guilty to wire fraud and aggravated identity theft. (*See* PSR ¶ 11.) Smith's criminal history shows consistent financial offenses, including stealing and forging checks, (PSR ¶¶ 47, 51, 53–54), as well as drug possession and distribution, (PSR ¶¶ 48–49, 52, 55). In total, Smith has seven felony and eight misdemeanor convictions. With a total offense level of 5, (PSR ¶ 44), and a criminal history category of V, (PSR ¶ 58), Smith's advisory Guideline range was 6 to 12 months, (PSR ¶ 98). Smith received a Guideline sentence of 8 months, with a mandatory 24 months consecutive for her aggravated identity theft conviction, for a total custodial sentence of 32 months. (*See* Doc. 64.)

Smith argues that early release is warranted because her children need her to care for them, she has had no disciplinary issues while in custody, is currently

5

enrolled in RDAP, and has a job in custody. Smith further argues that she has served over half her sentence and will be subject to supervision upon release. In response, however, the government points out that Smith's offense was not an isolated event and that nothing in Smith's record indicates an existential change between September 2022 when she was sentenced and today. More importantly, however, the government argues that if Smith can complete RDAP, she will receive a substantial sentence reduction from the Bureau of Prisons itself, which "could obviate the need for this Court to disturb the custodial term imposed." (Doc. 86 at 9.) The government's position is persuasive. Smith was sentenced less than two years ago and fails to show her circumstances have changed such that the § 3553(a) factors now warrant a lesser sentence. Moreover, reducing Smith's sentence as requested would denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The Guideline sentence Smith received remains appropriate here.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 69, 84) is DENIED.

DATED this 30th day of May, 2024.

Donald W. Molloy, District Judge
United States District Court